SECOND DEPARTMENT, FEBRUARY, 1989

(February 6, 1989)

■ KOCHUMATEN BABU et al., Respondents-Appellants, v CITY OF NEW ROCHELLE et al., Appellants-Respondents.—In an action, *inter alia,* to recover damages for the alleged improper filing of building violations against premises owned by the plaintiffs, the defendants appeal from so much of a judgment of the Supreme Court, Westchester County (Di Fede, J.H.O.), entered June 29, 1987, as is in favor of the plaintiffs and against the defendant City of New Rochelle in the principal sum of $14,000 on their third cause of action, and the plaintiffs cross-appeal from so much of the judgment as dismissed their fourth cause of action.

Ordered that the appeals by the defendants William A. Costa and Bernard C. Lucchese are dismissed, without costs or

disbursements, as those defendants are not aggrieved by the portion of the judgment cross-appealed from (see, CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Kochumaten Babu purchased a parcel of land from the defendant City of New Rochelle in 1981 and thereafter subdivided the property into six lots. He then constructed a retaining wall between two of the lots. He failed, however, to obtain a building permit and was issued a notice of violation of the Building Code of the City of New Rochelle for erecting a wall without a permit. In the meanwhile, Babu had negotiated a contract for the sale of one of the lots to Antonio and Ricardina Fernandes. The contract provided that the premises were to be conveyed in an "as is" condition and the Fernandeses agreed to do whatever work was necessary on the retaining wall. On April 18, 1985, Babu obtained a building permit which contained several conditions that had to be met before a certificate of occupancy/certificate of compliance would be issued. The permit was, however, silent respecting the Building Code violation. Several days later, Babu signed the contract with the Fernandeses. Unbeknownst to Babu, the city failed to remove the Building Code violation when the building permit was issued. Prior to closing the Fernandeses brought an action against Babu in order to force him to remove the violation. A judgment against Babu was entered for $17,500, which was satisfied by Babu performing all necessary work and paying counsel fees. Babu and his wife (hereinafter the Babus) subsequently commenced this action against the city, inter alia, to recover that amount, alleging that Babu's liability to the Fernandes' arose from the city's failure or refusal to remove the violation after the permit had been issued.

We find that a reading of the notice of Building Code violation together with the building permit logically supports the conclusion that since the violation at issue was for building a retaining wall without a permit, the issuance of the permit would cure the violation. This conclusion was also apparently reached by Babu, who had reasoned in negotiating the contract with the Fernandeses that once the permit was issued, title could pass clear of a Building Code violation, and the Fernandeses would be responsible for the completion of the conditions set forth in the building permit. We further find that the Supreme Court properly required the city to compensate the Babus for the damages that they had incurred

as a result of its failure to remove the violation after issuing the building permit.

With respect to the Babus' fourth cause of action against the city, for its failure to convey real property to the Babus after they had successfully bid for it at auction, we find that it was properly dismissed. The Babus' complaint alleged, in essence, a breach of contract. A reading of the agreement at issue, however, reveals that the sale of the subject property was "subject to final approval of sale by the Council of the City of New Rochelle", and that "[t]he City reserves all rights to accept or reject any bid". The city, in not approving the Babus' bid, breached no term of the agreement. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.